## J. A. GROFF v. GEORGE R. COOK.

(157 N. W. 973.)

**Personal property — sale of — purchase price — action to recover — issues — agent — instructions — objections waived.**

1. In an action to recover the purchase price of certain potatoes alleged to have been sold to defendant, the sole issue tried in the lower court was whether defendant purchased such potatoes or merely acted as agent in receiving and shipping the same, and the instructions of the court to the jury, as to which counsel expressly waived all objections, limited the jury to such issue. *Held,* that defendant was thereby precluded from urging other defenses.

**Statute of fraud — urged for first time — in supreme court — not permitted — allegations — proof — necessity for.**

2. The statute of frauds cannot be urged as a defense for the first time in the supreme court. Such defense must be both alleged and proved in order to be of any avail.

**Evidence — verdict.**

3. Evidence examined and *held* sufficient to sustain the verdict.

**New trial — motion for — grounds for — newly discovered evidence — trial court — ruling on — discretion.**

4. The motion for a new trial upon the ground, among others, of newly discovered evidence, was properly denied.

Opinion filed April 19, 1916.

Appeal from the District Court, Cass County, *C. A. Pollock,* J.

From a judgment in plaintiff's favor and from an order denying motion for new trial, defendant appeals.

Affirmed.

---

Note.—The rule that unless the statute of frauds is presented as a defense in the trial court, that objection to the contract cannot be made for the first time on appeal, is discussed in note in 49 L.R.A.(N.S.) 29, and the case of GROFF v. COOK. is in accord with the cases there cited.

*Karl J. Hjort (John Carmody,* of counsel), for appellant.

On a sale of personal property the acceptance by the buyer is just as vital to a recovery as is the existence of the contract to sell. Dinnie v. Johnson, 8 N. D. 157, 77 N. W. 612; Stone v. Browning, 51 N. Y. 211; Caulkins v. Hellman, 47 N. Y. 449, 7 Am. Rep. 461; Taylor v. Mueller, 30 Minn. 343, 44 Am. Rep. 199, 15 N. W. 413; Rindskopf v. DeRuyter, 39 Mich. 1, 33 Am. Rep. 340; Browne, Stat. Fr. § 138, E.; 20 Cyc. 249; Grimes v. Van Vechten, 20 Mich. 410; Webber v. Howe, 36 Mich. 150, 24 Am. Rep. 590; Smith v. Brennan, 62 Mich. 349, 4 Am. St. Rep. 867, 28 N. W. 892.

The carrier, the railroad company, had no independent or separate authority to act for defendant in receiving the goods for transportation. There is no proof of such condition in this case, and hence there is no such acceptance as will take the case out of the statute of frauds. Grimes v. Van Vechten, 20 Mich. 410; Smith v. Brennan, 62 Mich. 349, 4 Am. St. Rep. 867, 28 N. W. 892; Waite v. McKelvey, 71 Minn. 167, 73 N. W. 727; Fontaine v. Bush, 40 Minn. 141, 12 Am. St. Rep. 722, 41 N. W. 465; 23 Century Dig. title Stat. of Frauds; 20 Cyc. 249, and cases therein cited.

One seeking to charge the principal must prove the agent's authority. Kornemann v. Monaghan, 24 Mich. 36; Rice v. Peninsular Club, 52 Mich. 87, 17 N. W. 708.

The statements of one who assumes to act as agent do not constitute evidence of authority, nor are they proof of agency. Hirschfield v. Waldron, 54 Mich. 649, 20 N. W. 628; Grover & B. Sewing Mach. Co. v. Polhemus, 34 Mich. 247; Reynolds v. Continental Ins. Co. 36 Mich. 131; McDonough v. Heyman, 38 Mich. 334.

Entries made by a clerk or agent must have been made by the person while acting in the discharge of his duty or in the usual course of his employment, and under the authority of his employer, in order to constitute evidence. Kelley v. Crawford, 112 Wis. 368, 88 N. W. 296; Nicholls v. Webb, 8 Wheat. 326, 5 L. ed. 628; 17 Cyc. 393; Carlton v. Carey, 83 Minn. 232, 86 N. W. 85; Connecticut Mut. L. Ins. Co. v. Schwenk, 94 U. S. 593, 24 L. ed. 294; Union Electric Co. v. Seattle Theatre Co. 18 Wash. 213, 51 Pac. 367; 17 Cyc. 393.

The intention and understanding with which an admission is made may always be shown as affecting its weight. State v. Paxton, 65 Neb. 110; 90 N. W. 992.

Where a contract is pleaded, the proof must be directed to the establishing of that particular contract. The pleading and proof must be the same. Clarke v. Gray, 6 East, 567, 2 Smith, 622, 4 Esp. 177; Thornton v. Jones, 2 Marsh. 287, 6 Taunt. 581, Holt, N. P. 164; Greenl. Ev.; Colt v. Miller, 10 Cush. 51; Titus v. Ash, 24 N. H. 319; Gragg v. Frye, 32 Me. 283.

A verdict or decision that, under the evidence, is contrary to the law governing the case, must be set aside; also if a verdict is contrary to the weight of the evidence, it must fall. Benedict v. Lawson, 5 Ark. 514; Crocker v. Garland, 7 Cal. Unrep. 275, 87 Pac. 209.

This court has the right to set aside a verdict when only supported by a scintilla of evidence. It is in cases where there is a substantial conflict in the evidence, that courts refuse to interfere. Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359.

A statute authorizing a new trial "for insufficient evidence" confers power to grant a new trial where the verdict is against the weight of the evidence. McDonald v. Walter, 40 N. Y. 551; Inland & S. Coasting Co. v. Hall, 124 U. S. 121, 31 L. ed. 369, 8 Sup. Ct. Rep. 397; Metropolitan R. Co. v. Moore, 121 U. S. 558, 30 L. ed. 1022, 7 Sup. Ct. Rep. 1334; Fuller v. Northern P. Elevator Co. 2 N. D. 220, 50 N. W. 359; Reynolds v. Lambert, 69 Ill. 495; Fox River Mfg. Co. v. Reeves, 68 Ill. 403; Blake v. McMullen, 91 Ill. 32; Reid v. Colby, 26 Neb. 469, 42 N. W. 485.

*Harry Lashkowitz*, for respondent.

The statute of frauds cannot first be raised in the appellate court. It must have been approached by pleading and proof in the lower court. Willard v. Monarch Elevator Co. 10 N. D. 407, 87 N. W. 996; Prior v. Sanborn County, 12 S. D. 86, 80 N. W. 169; Meldrum v. Kenefick, 15 S. D. 370, 89 N. W. 863; Poirier Mfg. Co. v. Kitts, 18 N. D. 556, 120 N. W. 558; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Schuyler v. Wheelon, 17 N. D. 161, 115 N. W. 259.

The transaction here involved is one of seller and purchaser of personal property, and there is no question of agency involved. Behling v. Wisconsin Bridge & Iron Co. 158 Wis. 584, 149 N. W. 487; Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690.

FISK, Ch. J. Action to recover the purchase price of three cars of potatoes alleged to have been sold and delivered by plaintiff to defendant at Gardner, this state, in the month of November, 1913. The facts are fairly stated by appellant's counsel and are substantially as follows: "Plaintiffs claims that the defendant purchased from him 1,428 bushels of potatoes at the agreed price of 60 cents per bushel,—total $856.80,— for which he has not received any compensation except a store account which he owed the defendant, amounting to $297.53, for which amount he has given the defendant credit, leaving a balance due the plaintiff of $559.27. Plaintiff claims his contract was completed when he delivered the potatoes in the cars at the tracks at Gardner, North Dakota, and that it then became incumbent upon the defendant to pay the sum due. Defendant's contention is that he shipped the potatoes for plaintiff to the Red River Valley Potato Growers' Association at Barnesville, Minnesota, and that he at no time offered or agreed to buy the potatoes, and denies exercising any ownership whatever over them. The evidence discloses that the defendant was the agent at Gardner for the Potato Company, at Barnesville, to which company the potatoes were shipped. The defendant denies the contention of the plaintiff, but does not deny the amount of bushels shipped, as he did not know how many were delivered at the cars at Gardner and is therefore not in a position to deny the plaintiff's computation as to amount. Plaintiff loaded the potatoes in three cars on or about November 17, 1913, and on or about November 19, 1913. Neither defendant nor plaintiff has received anything as compensation for the potatoes, and the question resolves itself into: (1) Whether or not these potatoes were sold by the plaintiff to the defendant, and delivered pursuant to the terms of sale and were received and accepted by the defendant; or (2) whether defendant merely shipped the potatoes either as agent for plaintiff or for the Potato Growers' Association, disclosing to plaintiff his agency for such association. . . .

"This case was tried to a jury, and a verdict rendered in favor of the plaintiff and against the defendant for the sum of five hundred fifty-nine and 27/100 ($559.27) dollars, with interest at 7 per cent from the 20th day of November, 1913. A motion for a new trial was made and denied, from which order and the judgment herein this appeal is taken."

The case was tried throughout in the lower court upon these clear-cut issues, and at the conclusion of the testimony the learned trial court

34 N. D.—9.

instructed the jury accordingly, having first submitted his instructions to counsel for both parties, who stated that they had no objection thereto. Such instructions are therefore the law of the case, and they very properly limited the jury to a consideration of the simple issues aforesaid.

We are asked to now reverse the judgment and order appealed from for three reasons: First, because the alleged contract of sale and purchase falls within the statute of frauds and is therefore not enforceable; second, because "the plaintiff has proceeded on the theory, both in his complaint and evidence, that there is no distinction between a sale and a guaranty, and that the pretended agreement was either a sale or guaranty or both;" third, because of alleged insufficiency of the evidence.

We deem each of the above contentions without merit. The first and second are foreclosed by the instructions, the correctness of which, as above stated, is conceded. Furthermore, the statute of frauds was neither alleged in the answer nor mentioned at the trial, and obviously it cannot be relied on as a defense for the first time in this court. It is elementary that such affirmative defense must be both alleged and proved in order to be of any avail. Not only this, but under the undisputed evidence there was a sufficient delivery of the potatoes to take the contract without the statute of frauds.

As to the alleged insufficiency of the evidence, all that need be said is that, after a careful reading of the testimony, we fully concur with the decision of the trial court in holding that there was such a conflict in the evidence as to not only justify, but require, its submission to the jury. Counsel for appellant evidently so viewed it at the trial, for he at no time there intimated a contrary view. There was a square conflict in the evidence as to whether there was a sale to defendant, or whether he acted merely as plaintiff's agent in handling the potatoes, and, this being true, we cannot disturb the verdict and judgment.

Appellant's contention that his motion for a new trial upon the ground of alleged newly discovered evidence should have been granted has been considered and deemed untenable. Finding no error, the judgment and order are hereby affirmed.